The STATE of Ohio, Appellee,

v.

DULTMEYER, Appellant.

[Cite as *State v. Dultmeyer* (1993), 85 Ohio App.3d 81.]

No. L-92-245.

Court of Appeals of Ohio,
Lucas County.

Decided Jan. 15, 1993.

*John B. Arnsby,* Maumee Municipal Prosecutor, for appellee.

*Martin McManus,* for appellant.

---

*Per Curiam.*

This is an accelerated appeal from a judgment of the Maumee Municipal Court wherein, following a plea of no contest, defendant-appellant, Mark A. Dultmeyer, was found guilty of driving with a concentration of breath alcohol in excess of the legal limit, in violation of R.C. 4511.19(A)(3). Subsequently, appellant was sentenced to one hundred eighty-two days of incarceration with the final thirty days of that sentence suspended in lieu of appellant's performing one hundred fifty hours of community service. In addition, after serving the first three days of incarceration at the Correctional Center of Northwest Ohio, appellant was authorized to serve the remainder of his sentence at the Lucas County Work Release Facility. Finally, the court ordered appellant to pay fines and costs of $318, and suspended his driver's license for eighteen months. From that judgment and sentence, appellant raises the following assignment of error:

"In sentencing appellant, the Maumee Municipal Court erred by failing to consider the statutory criteria set forth in R.C. 2929.22."

■■■ Appellant contends that in sentencing him, the trial court failed to consider the mitigating factors set forth in R.C. 2929.22. "Sentencing is within the sound discretion of the trial court and is generally not disturbed upon review where the sentence is within the confines of the valid statute." *Columbus v. Jones* (1987), 39 Ohio App.3d 87, 88, 529 N.E.2d 947, 948; *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179. However, it is equally well settled that a trial court abuses its discretion when, in sentencing a misdemeanant, it fails to consider the factors set forth in R.C. 2929.22. *Cincinnati v. Clardy* (1978), 57 Ohio App.2d 153, 11 O.O.3d 137, 385 N.E.2d 1342. Nevertheless, a judge is presumed to have considered those factors in the absence of a showing to the contrary. *Columbus v. Jones, supra,* 39 Ohio App.3d at 89, 529 N.E.2d at 949.

R.C. 2929.22 sets forth criteria for the court to consider in determining whether to impose imprisonment, a fine, or both, and in determining the specific extent of a sentence. The relevant portions of that statute read:

"(A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk, the nature and circumstances of the offense, the history, character, and condition of the offender and his need for correctional or rehabilitative treatment, and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him.

"(B) The following do not control the court's discretion, but shall be considered in favor of imposing imprisonment for a misdemeanor:

"(1) The offender is a repeat or dangerous offender;

"(2) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense.

"(C) The criteria listed in section 2929.12 of the Revised Code, favoring shorter terms of imprisonment for felony, do not control the court's discretion, but shall be considered against imposing imprisonment for a misdemeanor.

"(D) The criteria listed in divisions (B) and (C) of this section shall not be construed to limit the matters which may be considered in determining whether to impose imprisonment for a misdemeanor."

The criteria listed in R.C. 2929.12, favoring shorter terms of imprisonment in felony cases, are:

"(1) The offense neither caused nor threatened serious physical harm to persons or property, or the offender did not contemplate that it would do so;

"(2) The offense was the result of circumstances unlikely to recur;

"(3) The victim of the offense induced or facilitated it;

"(4) There are substantial grounds tending to excuse or justify the offense, though failing to establish a defense;

"(5) The offender acted under strong provocation;

"(6) The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense;

"(7) The offender is likely to respond quickly to correctional or rehabilitative treatment."

■ Upon a review of the transcript from the sentencing hearing below, we cannot conclude that the trial court failed to consider the mitigation factors. Specifically, the court stated:

"And when I see a person come back, a repeat offender, I realize they're, you know, entitled to the presumption of innocence and all this, but I have to take into consideration in sentencing the societal impact of persons out there that are driving under the influence of alcohol repeatedly. But I realize yours is only twice, but that's *one* of the factors I consider." (Emphasis added.)

By this statement, the court indicated that it considered other factors. Absent any proof to the contrary, we must presume that the court considered the factors enumerated in R.C. 2929.22 and, by reference therein, R.C. 2929.12. In addition, appellant's sentence was within the confines of a valid statute.

Accordingly, appellant's sole assignment of error is not well taken.

On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Maumee Municipal Court is affirmed. Costs to appellant.

*Judgment affirmed.*

GLASSER, P.J., and SHERCK, J., concur.

MELVIN L. RESNICK, J., concurs in judgment only.

MELVIN L. RESNICK, Judge, concurring in judgment only.

I respectfully concur in judgment only. The trial court in its sentencing consideration referred to the defendant as a "repeat offender." Clearly, the

defendant in this case is not a "repeat offender" under R.C. 2929.22. R.C. 2929.01(A) defines "repeat offender" as follows:

"As used in sections 2929.01 to 2929.51 of the Revised Code:

"(A) 'Repeat offender' means a person who has a history of persistent criminal activity, and whose character and condition reveal a substantial risk that he will commit another offense. It is prima-facie evidence that a person is a repeat offender if any of the following apply:

"(1) Having been convicted of one or more offenses of violence, and having been imprisoned pursuant to sentence for any such offense, he commits a subsequent offense of violence;

"(2) Having been convicted of one or more sex offenses as defined in section 2950.01 of the Revised Code, and having been imprisoned pursuant to sentence for any such offense, he commits a subsequent sex offense;

"(3) Having been convicted of one or more theft offenses as defined in section 2913.01 of the Revised Code, and having been imprisoned pursuant to sentence for any such offense, he commits a subsequent theft offense;

"(4) Having been convicted of one or more felony drug abuse offenses as defined in Chapter 2925. of the Revised Code, and having been imprisoned pursuant to sentence for any such offense, he commits a subsequent felony drug abuse offense;

"(5) Having been convicted of two or more felonies, and having been imprisoned pursuant to sentence for any such offense, he commits a subsequent offense;

"(6) Having been convicted of three or more offenses of any type or degree other than traffic offenses, alcoholic intoxication offenses, or minor misdemeanors, and having been imprisoned pursuant to sentence for any such offense, he commits a subsequent offense."

Thus, any consideration of the defendant as a "repeat offender" for the purpose of R.C. 2929.22(B)(1) is patently in error. The court may, considering all of the criteria in R.C. 2929.22 and 2929.12, ultimately sentence a defendant to a maximum term under R.C. 4511.99(A)(1) *depending* on all the circumstances of the offense and the offender. However, the court's having any hard and fast rule that it will consistently sentence a defendant to the maximum jail sentence purely because he or she had a prior DUI offense, either inside or outside the five years mentioned in 4511.99(A)(1), would, in my opinion, be either an abuse of discretion or possibly cruel and unusual punishment depending on the circumstances of the offense and the offender. It is the legislature's function to determine whether a second DUI offense requires a mandatory sentence of six months or longer. The court, regardless of its best intentions for the protection of society, cannot in

every case base a maximum jail sentence simply because of a prior DUI conviction.

Because the record in this case cannot lead the writer to this conclusion, I concur in judgment only.