DECISION AND JUDGMENT ENTRY
This matter is before the court as an accelerated appeal from the sentence imposed by the Ottawa County Court of Common Pleas after appellant, Michael Myles, was convicted of misdemeanor theft. The trial court sentenced appellant to serve ninety days in jail and fined appellant $500, which represented fifty percent of the maximum penalties which could be imposed.
Appellee, the state of Ohio, has not appeared in these proceedings. Further, appellant did not provide a trial transcript or a copy of the presentence investigation report. Consequently, our review of the facts is limited to evidence appellant submitted in pretrial proceedings and information presented during the sentencing hearing.
On May 5, 1997, appellant, who owns a residential construction company, removed electrical materials from a customer's home he was building. The customer saw appellant loading the materials into a pick-up truck and notified law enforcement officials. The police apprehended appellant minutes later and found the materials in the back of his truck. Appellant was indicted for two offenses arising from this incident. First, he was charged with breaking and entering, a violation of R.C. 2911.12 (A), and a fifth degree felony. Second, he was charged with theft of property valued at less than $500, in violation of R.C. 2913.02 (A)(1), which was a first degree misdemeanor.
After appellee presented its case during a jury trial on March 16, 1999, the court dismissed the first count of breaking and entering charge. However, the court instructed the jury on criminal trespass as a lesser included offense of the first count. Criminal trespass is a violation of R.C. 2911.21 and a fourth degree misdemeanor. The jury convicted appellant of the higher level misdemeanor breaking and entering charge and acquitted him of the lower level criminal trespass charge.
At sentencing on May 21, 1999, appellant, his attorney, and appellee presented arguments to the court. Appellant indicated that he had made arrangements to return the materials to the home owner. Appellant's attorney emphasized that appellant had established a successful construction business and had a minimal criminal record. The trial court made the following comments before imposing sentence:
 "The Defendant does have a prior misdemeanor record. We alluded to the concealed weapon conviction from Lakewood in '83, possession of narcotics from Arizona in '87, probation violation from Arizona in '88, and some other matters for which we have no disposition, so I don't hold those against the Defendant * * *.
 "There is an OMVI conviction out of Rocky River in 1998, and no other prior felony convictions."
 "What strikes the Court is, number one, the Defendant is a thief; and number two, he is a teller of tall tales."
 "I am not prepared to brand him a liar at this point, but he certainly is a teller of tall tales."
 "It is the judgment of the Court that the Defendant be sentenced to 90 days in the Ottawa County Detention Facility and fined $500 and ordered to pay costs."
The trial court delayed imposition of the sentence until October 4, 1999 to allow appellant to complete his pending construction obligations and to pay child support.
On appeal, appellant raises two assignments of error which we will address together. Appellant contends that the trial court abused its discretion and ignored statutory criteria when it imposed a fine in addition to jail time for his misdemeanor conviction.
"Sentencing is within the sound discretion of the trial court and is generally not disturbed upon review where the sentence is within the confines of the valid statute." State v. Sauers
(Mar. 19, 1996), Wood App. No. WD-95-075, unreported, quotingColumbus v. Jones (1987), 39 Ohio App.3d 87,88. "An abuse of discretion is more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary, or unconscionable." State v. Sauers, citingState v. Adams (1980), 62 Ohio St.2d 151, 157.
R.C. 2929.22 provides criteria to guide a trial court's discretion:
 "(A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment * * * and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
 "(B) The following do not control the court's discretion, but shall be considered in favor of imposing imprisonment for a misdemeanor:
"(1) The offender is a repeat or dangerous offender;
"* * *
 "(C) The criteria listed in [R.C. 2929.12 (C) and (E)] that mitigate the seriousness of the offense and that indicate that the offender is unlikely to commit future crimes do not control the court's discretion but shall be considered against imposing imprisonment for a misdemeanor.
 "(D) The criteria listed in division (B) and referred to in division (C) of this section shall not be construed to limit the matters that may be considered in determining whether to impose imprisonment for a misdemeanor.
 "(E) The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain." (Emphasis added.)
The maximum sentence for a first degree misdemeanor is six months in jail and a $1,000 fine. R.C. 2929.21 (B)(1) and (C)(1); see State v. Sauers, supra. Here, the sentence was within statutory limits and we should accord the trial court the presumption that it considered statutory mitigating criteria in the absence of an affirmative showing that it did not. State v. Jocelyn B.
(Aug. 8, 1997), Erie App. No. E-96-010, unreported, citing State v. Crouse
(1987), 39 Ohio App.3d 18, 20; see State v. Dultmeyer
(1993), 85 Ohio App.3d 81, 84 (although a trial court abuses its discretion if it does not consider statutory factors to determine whether to impose imprisonment, a fine, or both in sentencing for a misdemeanor offense, absent proof to the contrary, the trial court is presumed to have considered the factors enumerated in R.C. 2929.22
and, by reference, R.C. 2929.12). Compare State v. Sauers,supra (a talismanic incantation that the court followed the statutory sentencing standards may not suffice if the result seems strikingly inconsistent).
Based on our review of the record before us, we presume that the trial court considered the appropriate factors to sentence appellant to a prison term of ninety days. The record does not support a determination that either of the R.C. 2929.22 (B) factors apply, in particular, that appellant was a repeat or dangerous offender. At the same time, the record does not reflect that, other than remorse (which was disputed), any R.C. 2929.12 (C) factors were significant enough to mitigate against imposing a jail term. In determining whether appellant was unlikely to commit future crimes, the court considered appellant's prior criminal convictions as defined in R.C. 2929.12 (E)(2), and presumably balanced them against appellant's argument that he had led a law-abiding law for a significant number of years, until receiving a "OMVI" while this matter was pending.
More difficult is the trial court's decision to impose a substantial fine in addition to what is not an inconsequential jail term. Discussions at sentencing revealed that despite the probation department's initial report that the issue of $500 of restitution to the victim had not been resolved, the electrical equipment had been returned to the victim.
Nonetheless, the trial court imposed a $500 fine, which was identical in amount to the disputed restitution. A fine which substitutes for restitution does not meet the first criteria in R.C. 2929.22 (E) of being particularly or specially adapted to deter the offense or correct the offender. We are reluctant to assume the court considered the first criteria where the record shows restitution was resolved in appellant's favor despite some controversy and where the court fined him in a like amount.
It does not appear that the trial court determined that appellant physically harmed the homeowner's property under the second factor in R.C. 2929.22 (E). Here, appellant was apprehended, and the property recovered, within minutes after appellant left the victim's home.
The third criteria defined in R.C. 2929.22 (E) allows a fine as well as imprisonment if "the offense was committed * * * for purpose of gain." Apparently appellant attempted to explain his offense as "trading the electrical equipment for plywood". After presiding over the jury trial, the trial court found appellant's explanation so implausible as to conclude that appellant was "a teller of tall tales."
However, the criteria to impose a fine as well as imprisonment is not whether the offender lied, but whether the offense was committed for gain. It is difficult to imagine a theft offense which is not committed for purpose of gain. Because the theft statute itself does not impose a fine, R.C. 2929.22 (E) should not be read to mandate that a fine be imposed in all misdemeanor theft cases.
Consequently, we cannot conclude that the trial court considered any one of the three criteria defined in R.C. 2929.22 (E) to impose a fine in addition to imprisonment.
That conclusion is bolstered by the trial court's failure to inquire into appellant's ability to pay the fine, as required by R. C. 2929.22
(F). Appellant explained to the court that he had incurred over $3,500 in legal expenses to retain three different attorneys, apparently to indicate he had learned an expensive lesson. Appellant was in arrears in child support in a comparable amount. Further, the trial court generously accommodated appellant's need to support his family by deferring the date by which he had to begin serving the sentence.
This leads to the conclusion that despite appellant owning a business, there was some evidence of appellant's financial difficulties before the court.[1] R.C. 2929.22 (F) precludes the trial court from imposing a fine that exceeds the amount the offender may be able to pay without hardship to the offender or the offender's dependents, or will prevent the offender from making restitution or reparation to the victim of the offender's offense.
Accordingly, to the extent the trial court did not adhere to the criteria of R.C. 2929.22 (E) or inquire of appellant's ability to pay under R.C. 2929.22 (F), appellant's first and second assignments of error are found well-taken.
The judgment of the Ottawa County Court of Common Pleas is reversed in part and affirmed in part. The matter is remanded for resentencing as to the imposition of a $500 fine in addition to a ninety-day jail term. Costs are assessed to both parties equally.
JUDGMENT REVERSED, IN PART, AND AFFIRMED, IN PART.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.
[1] We do not suggest that self-induced financial difficulties caused by unnecessarily changing attorneys precludes a court from imposing a fine.