THE STATE OF OHIO, APPELLEE, v. JEFFERS, APPELLANT.

[Cite as State v. Jeffers (1978), 57 Ohio App. 2d 107.]

(No. C-76659—Decided May 31, 1978.)

Mr. *Thomas A. Luebbers*, Mr. *Paul J. Gorman* and Mr. *Dennis S. Helmick*, for appellee.
Ms. *Darlene Kamine* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court, and the transcript of the proceedings, the briefs and the arguments of counsel.

Appellant, a minor, was found guilty, after trial to the court, of consuming intoxicating liquor in violation of R. C. 4301.632. She was ordered to pay a fine of $500 and costs. In this appeal she assigns as error that the senence imposed is contrary to law and an abuse of discretion. In support of her assignment she advances three arguments:

"1. The trial court's imposition of sentence without regard to the type and seriousness of the offense and the criminal propensities of the appellant is prejudicial error subject to review and correction.

"2. Imposition by the trial court of a fine in an amount which exceeds an indigent defendant's ability to pay is contrary to law.

"3. It is prejudicial error for the trial judge to impose a heavier sentence because he believes the defendant lied in maintaining her innocence on the stand."

Generally, an appellate court will not review the trial

court's exercise of discretion in the matter of sentence so long as the sentence is within statutory limits. *Toledo* v. *Reasonover* (1965), 5 Ohio St. 2d 22. But see *State* v. *Hashmall* (1954), 160 Ohio St. 565; *Montalto* v. *State* (1935), 51 Ohio App. 6; *State* v. *Perry* (1972), 29 Ohio App. 2d 33. However, it is the duty of the trial court to exercise a judicious discretion and to give consideration to the criteria set out in R. C. 2929.22. *Cincinnati* v. *Clardy* (1978), 57 Ohio App. 2d 153; *State* v. *Scott*, unreported, First Appellate District, No. C-76514, decided July 12, 1976.

I.

Although the fine imposed in this case seems extremely severe for appellant's offense—simply taking an alcoholic drink, without misrepresentation and without creating any trouble—it is unnecessary, in view of our conclusions on appellant's other arguments, to determine whether the trial court gave consideration to the criteria mandated by paragraph (A) of R. C. 2929.22.

II.

Paragraph (F) of R. C. 2929.22 provides:

"The court shall not impose a fine or fines which, in the aggregate and to the extent not suspended by the court, exceeds the amount which the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense."

The evidence before the court was that appellant was nineteen and one-half years old, had the care of her one-year-old child and was expecting another. She owned nothing, was unemployed and was separated from her husband, who was unable to contribute to her support or that of her child. She lived with her mother, who also was without employment. She received funds from the welfare department to support her child. The court found her indigent and granted her a stay of thirty days to pay the fine and costs or go to jail. Under those circumstances it is preposterous to say that appellant could pay $500 and costs "within the time allowed without undue hard-

ship to [herself] or [her] dependents.'' The court patently ignored the mandate of R. C. 2929.22(F) and its sentence is therefore contrary to law. Confinement of appellant in lieu of fine under the circumstances of this case would violate the Equal Protection Clause. *Tate* v. *Short* (1971), 401 U. S. 395; *In re Jackson* (1971), 26 Ohio St. 2d 51; *Karr v. Blay* ( N. D. Ohio 1976), 413 F. Supp. 579; *State* v. *Crawford* (1977), 54 Ohio App. 2d 86.

### III.

Prior to announcing its sentence the court stated:

'' * * * I must take into consideration the finding of this Court that this witness took the stand and did not tell the truth, and I have now taken that into consideration. * * *''

When defense counsel respectfully protested that she had discussed the case at length with appellant and they honestly believed she was not guilty, the court was unmoved and stated:

''She took this stand under oath and did not tell the Court the truth and I'm going to take that into consideration in this sentence.''

No Ohio cases have come to our attention dealing with whether, in passing sentence, the court can properly consider the fact that it believes the defendant lied on the stand. We find the logic of *Scott* v. *United States* (C. A. D. C. 1969), 419 F. 2d 264 and *Poteet* v. *Fauver* (C. A. 3, 1975), 517 F. 2d 393, compelling. Those courts held that the sentencing judge may not increase a defendant's penalty because the court believed he lied. To do so is in effect to punish him for an offense for which he has been neither charged nor tried and to discourage a defendant from exercising his right to trial and to testify on his own behalf.

We are not unmindful of the fact that a trial judge can easily evade the strictures of this rule by keeping his silence or assigning other reasons for his sentence. We comprehend too, the natural ire a trial judge feels when convinced in his own mind that the defendant has perjured himself. Nonetheless, we believe it worthwhile to

assert the principles on which our system of justice is based and have confidence that trial courts will seek to sustain them.

For these reasons the assignment of error has merit. The sentence of the trial court must be set aside and the case remanded for resentencing.

BETTMAN and BLACK, JJ., concur.
KEEFE, P. J., concurs in the judgment only.

KEEFE, J., concurring in the judgment only. I concur only in the judgment which orders this case remanded for resentencing. A substantial period of time has transpired since the sentence originally was imposed, and under the circumstances here present, I am impelled to conclude that resentencing is indicated. Respectfully, I must observe that I am unable to participate in any circumscription of the penalty provided by law for the crime of which appellant was found guilty and of which she remains guilty following this appellate decision.