THE STATE OF OHIO, APPELLEE, *v.*
GOULD ET AL., APPELLANTS.

(Nos. C-790440 and C-790441—Decided May 14, 1980.)

*Mr. Thomas A. Luebbers,* city solicitor, *Mr. Paul J. Gorman* and *Mr. Charles F. Dorfman,* for appellee.

*Mr. H. Fred Hoefle,* for appellant Jonathon Gould, a.k.a. John Gould.

*Ms. Nadine L. Allen,* for appellant Robert Kociolek.

---

*Per Curiam.* These two cases have been consolidated for appeal purposes.

Defendants-appellants, Jonathon Gould, a.k.a. John Gould, and Robert Kociolek, were both charged in the Hamilton County Municipal Court with disorderly conduct and criminal trespass. Plea bargaining resulted in dismissal of the criminal trespass charges, and Gould and Kociolek pleaded no contest to disorderly conduct.[1] They were found guilty and each sentenced to the maximum penalties provided by law, that is, thirty days imprisonment and $250 in fines, plus court costs.[2] The sentences have been suspended pending resolution of these appeals.

Distilling the challenges proffered in the two assignments of error, and issues of law thereunder, we discover that the appellants are alleging prejudicial error on the part of the trial court (1) in failing to follow the statutory guidelines of R. C. 2929.22 and 2929.12 (incorporated in R. C. 2929.22 by reference), and (2) in imposing a heavier sentence upon the appellants because the judge believed that they lied to him during the sentencing proceedings.

Although the sentencing judge did not specifically categorize representations made by defendants below as prevarications, it is none the less apparent to us that he doubted their truthfulness and so stated.

It is the duty of the trial court to exercise a judicious discretion and to give consideration to the criteria set out in R. C. 2929.22 and, when appropriate, the standards in R. C. 2929.12. *Cincinnati* v. *Clardy* (1978), 57 Ohio App. 2d 153. There is no showing in the record before us that the judge below failed to fulfill his obligation in this respect. Moreover, R. C. 2929.22 itself makes clear that the judge is not limited to the criteria contained in R. C. 2929.22 or 2929.12 in determining whether to impose imprisonment for misdemeanors. The

[1] The disorderly conduct complaints against both Gould and Kociolek charged that they "did recklessly cause annoyance * * * by making an offensively coarse utterance * * * in violation of Section 2917.11(A) of the Revised Code of Ohio. * * * " The incident occurred at Hughes High School on March 28, 1979.

[2] Whoever violates the statute proscribing disorderly conduct (R. C. 2917.11) is guilty of a minor misdemeanor unless the offender persists after reasonable warning, and then disorderly conduct is a misdemeanor of the fourth degree. Both appellants were charged with disorderly conduct, a misdemeanor of the fourth degree, and it is uncontroverted that that is the crime to which appellants entered no contest pleas.

sentences imposed upon the appellants were within statutory limits, and the judge is presumed—since there is no showing to the contrary—to have considered, in the sentencing process, the standards mandated in the two aforementioned statutes.

Next we consider the legal significance of the trial judge's articulated belief that the defendants lied to him during the sentencing colloquy. Appellants claimed that their alleged prevarication was considered by the court in imposing the maximum sentence upon them both. We agree with appellants' contention that the sentences did include consideration of what the judge believed to be untruthfulness on the part of the appellants. Relying strongly upon *State* v. *Jeffers* (1978), 57 Ohio App. 2d 107, appellants contend that a sentencing judge may not increase the penalty imposed upon a defendant because the court believes he lied. *Jeffers* clearly stands for the rule indicated by appellants; but, it is procedurally dissimilar from the matters *sub judice* in that the suspected false statements in *Jeffers* occurred during trial, while here the questioned representations were made by Gould and Kociolek during sentencing. This difference is adequate to distinguish the matters before us from *Jeffers*.[3]

A judge should have a reasonable latitude in questioning a defendant as a part of the sentencing process. At this juncture, after guilt has already been established, the judge should be able to rely upon the defendant's truthful representations

[3] Our attention has been called to *United States* v. *Grayson* (1978), 438 U. S. 41, decided shortly after *Jeffers, supra.* The headnotes are faithful to the holding of the court in *Grayson,* and they state, in part:

"A sentencing judge, in fixing the sentence of a defendant within statutory limits, may consider the defendant's false testimony *observed by the judge during the trial.* * * * [Emphasis added.]

"(a) A defendant's truthfulness or mendacity while testifying on his own behalf is probative of his attitudes toward society and prospects for rehabilitation, and is thus a relevant factor in the sentencing process. * * *

"(b) Taking into account a defendant's false testimony does not constitute punishment for the crime of perjury for which the defendant has not been indicted, tried, or convicted by due process; rather, it is an attempt rationally to exercise judicial discretion by evaluating the defendant's personality and prospects for rehabilitation. To the extent that a sentencing judge is precluded from relying on relevant information concerning 'every aspect of a defendant's life,' *Williams* v. *New York,* 337 U. S. 241, 250, the effort to appraise character degenerates into a game of chance. * * * "

Thus, it appears that *Jeffers,* at least to the extent that it is predicated upon federal constitutional issues, conflicts with the United States Supreme Court's pronouncement in *Grayson.*

and honest answers in connection with subjects reasonably pursued. This would seem to be a *sine qua non* to an intelligent and meaningful sentence. Among other things, it becomes difficult to apply the criteria of R. C. 2929.22 if the trial court concludes that it is unable to trust the veracity of the misdemeanant's responses. The representations made by the defendants here assume special significance since the record indicates that there was no formal presentence report, although under the circumstances none was required. A sentencing judge's questions must of course bear reasonable relevance to the matter at hand, which was the case here. When a judge indicates his skepticism regarding the veracity of answers by a defendant, there must be some reasonable basis for his wariness. In the instant case the record demonstrates that the judge had such a basis.

For these reasons, the assignments of error lack merit and are overruled.

We affirm the judgments below.

*Judgments affirmed.*

PALMER, P. J., KEEFE and BLACK, JJ., concur.