CITY OF COLUMBUS, APPELLEE, *v.*
JONES, APPELLANT.

(No. 86AP-734—Decided
May 21, 1987.)

*Ronald J. O'Brien,* city attorney, *James J. Fais,* city prosecutor, and *David E. Tingley,* for appellee.

*Thomas M. Tyack & Assoc. Co., L.P.A., Marcia M. Zand* and *Mark A. Serrott,* for appellant.

WHITESIDE, J. Defendant, Howard E. Jones, appeals from a judgment of the Franklin County Municipal Court which found him guilty of operating a motor vehicle without a valid license and sentenced him to six months' imprisonment and fined him $500 plus costs. Defendant raises a single assignment of error as follows:

"The trial court abused its discretion by imposing a sentence of six months in the case at bar.

"A. The sentence imposed by the trial court was imposed as punishment for the appellant's decision to exercise his right to a jury trial."

On February 9, 1986, defendant was charged with a violation of (1) Columbus City Code ("C.C.") Section 2133.01, operating a motor vehicle while under the influence of alcohol ("OMVI"), and (2) C.C. 2135.01, operating a motor vehicle without a valid license. Defendant requested a jury trial and was acquitted of the first charge but found guilty of the second. Upon defendant's conviction for operating a motor vehicle without a valid license, the trial court ordered a presentence investigation and ordered him to attend Maryhaven, a four-day in-house alcohol treatment program which appropriately may be used by a trial court as an alternative to imprisonment for first-time offenders of the OMVI statute.

On July 28, 1986, the trial court sentenced defendant to one hundred eighty days' imprisonment, of which ten days were suspended for time "served" at Maryhaven, and fined defendant $500.

The defendant testified at trial that he was in possession of a temporary driver's license at the time of his arrest, that his daughter was sick and needed medicine, that it was early in the morning when he decided to get the medicine, and that his own medical condition precluded him from walking the distance to the nearby store. Defendant testified further that he had

not been drinking on the night in question because he was taking medication for his arthritic gout. Testimony was offered to prove that the route defendant was driving was a direct route between his home and the store. Defendant testified that he did not weave or drift into other lanes but did, at one point, attempt to get into the right-hand lane from the left, but changed his mind when he saw it was occupied.

The defendant refused to take the Breathalyzer test. However, the city presented evidence that defendant "almost caused" an accident, drove erratically, had trouble with the walking heel-to-toe and finger-to-nose intoxication tests and smelled "moderately to strongly" of alcohol. The jury apparently rejected this evidence since it found defendant not guilty of the OMVI charge.

The issue in this case is whether the sentence imposed was excessive. Sentencing is within the sound discretion of the trial court and is generally not disturbed upon review where the sentence is within the confines of the valid statute. *Toledo* v. *Reasonover* (1965), 5 Ohio St. 2d 22, 34 O.O. 2d 13, 213 N.E. 2d 179. Defendant was convicted of violating C.C. 2135.01, the penalty for which, as specified in C.C. 2135.99, is that of a misdemeanor of the first degree. C.C. 2301.09 provides that a misdemeanor of the first degree should be punished by a term of imprisonment of not more than six months and/or a fine of not more than one thousand dollars. The city of Columbus has adopted in C.C. 2301.13 sentencing criteria which parallel those found in R.C. 2929.22 and 2929.12. In particular, the trial court is required by R.C. 2929.22(A) to consider the following factors in determining whether to impose imprisonment or a fine, or both, and in determining the term of imprisonment:

"* * * [T]he risk that the offender will commit another offense and the need for protecting the public therefrom, the nature and circumstances of the offense, the history, character, and condition of the offender and his need for correctional or rehabilitative treatment, and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him."

In addition, R.C. 2929.12(C) (as referenced in R.C. 2929.22[C]) requires the following criteria to be considered by the trial court against imposing imprisonment for a misdemeanor:

"(1) The offense neither caused nor threatened serious physical harm to persons or property, or the offender did not contemplate that it would do so;

"(2) The offense was the result of circumstances unlikely to recur;

"(3) The victim of the offense induced or facilitated it;

"(4) There are substantial grounds tending to excuse or justify the offense, though failing to establish a defense;

"(5) The offender acted under strong provocation;

"(6) The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense;

"(7) The offender is likely to respond quickly to correctional or rehabilitative treatment."

The Committee Comment to R.C. 2929.22 correctly emphasizes that the general factors *must* be considered by a trial court since they provide criteria for determining whether the court should be severe or lenient. In addition, the criteria listed in R.C. 2929.12(C) must be considered against imposing a jail term for a misdemeanor. None of these criteria controls the court's discretion and the court may consider additional relevant fac-

tors. However, the statutory criteria must be used as a guide in exercising sentencing discretion. A judge is presumed, in the absence of a showing to the contrary, to have considered in the sentencing process the standards mandated by R.C. 2929.22 and 2929.12. See *State* v. *Gould* (1980), 68 Ohio App. 2d 215, 22 O.O. 3d 344, 428 N.E. 2d 866, and *State* v. *Stacy* (1983), 9 Ohio App. 3d 55, 9 OBR 74, 458 N.E. 2d 403. However, the First District Court of Appeals in *Cincinnati* v. *Clardy* (1978), 57 Ohio App. 2d 153, 11 O.O. 3d 137, 385 N.E. 2d 1342, reviewed the historical background of R.C. 2929.22 and observed, at 155, 11 O.O. 3d at 138, 385 N.E. 2d at 1344:

"Generally, appellate courts, on the theory that the trial judge was in the best position to weigh the factors relevant to a determination of the appropriate sentence, have refused to review sentences, so long as they were within the statutory limits."

However, that court also stated that:

"* * * [N]ot all judges exercised their discretion on the basis of the facts and circumstances of the case and the character and background of the offender but acted out of bias, prejudice and preconceptions." *Id.* at 155, 11 O.O. 3d at 138, 385 N.E. 2d at 1343.

R.C. 2929.22 and 2929.12, incorporated therein by reference, were enacted in an attempt to bring some reason and structure into criminal sentencing. A failure to weigh these criteria and guidelines can only be considered an abuse or failure to exercise the required judicial discretion. The court in *Cleveland* v. *Egeland* (1986), 26 Ohio App. 3d 83, 26 OBR 258, 497 N.E. 2d 1383, reacted similarly, stating at 90, 26 OBR at 264, 497 N.E. 2d at 1391:

"* * * The judge's exercise of discretion in sentencing an offender is not a matter of whim or fancy. It involves a conscientious effort to evaluate all aggravating and mitigating factors before selecting from legislatively authorized choices. By avoiding that process, the judge fails to exercise the allotted discretion. * * *"

See, also, *Miamisburg* v. *Smith* (1982), 5 Ohio App. 3d 109, 5 OBR 225, 449 N.E. 2d 500.

Specific factors which Ohio courts have accepted for consideration in sentencing include a reasonably justified belief by the trial court that the defendant lied during sentencing proceedings, especially where there is no presentence report (*State* v. *Gould, supra*); evidence relevant to the question of mitigation but not pertinent to guilt (and thus could not be presented at trial) (*State* v. *Downs* [1977], 51 Ohio St. 2d 47, at 54, 5 O.O. 3d 30, at 34, 364 N.E. 2d 1140, at 1145); arrests for other crimes while awaiting sentence even though no conviction had yet resulted (*State* v. *Burton* [1977], 52 Ohio St. 2d 21, 6 O.O. 3d 84, 368 N.E. 2d 297); and a presentence report showing failure to pay court costs in a prior case (*State* v. *Lepley* [1985], 24 Ohio App. 3d 237, 24 OBR 448, 495 N.E. 2d 40).

Factors which Ohio courts have specifically rejected for consideration in sentencing include a trial court's belief that a defendant lied during trial (*State* v. *Jeffers* [1978], 57 Ohio App. 2d 107, 11 O.O. 3d 101, 385 N.E. 2d 641); the failure of a defendant to plead guilty during a plea bargaining session (*Columbus* v. *Bee* [1979], 67 Ohio App. 2d 65, 21 O.O. 3d 371, 425 N.E. 2d 409); and a trial judge's own investigation of a crime neither charged nor proven (*State* v. *Longo* [1982], 4 Ohio App. 3d 136, 4 OBR 228, 446 N.E. 2d 1145). To these we must add that it constitutes an abuse of discretion for a trial court to impose a more severe sentence for a lesser charge of which

the defendant was convicted because of the trial court's belief that the jury was mistaken in finding the defendant not guilty of a more serious offense.

In *Jeffers, supra,* it is stated at 109, 11 O.O. 3d at 102, 385 N.E. 2d at 643:

"* * * [T]he sentencing judge may not increase a defendant's penalty because the court believed he lied. To do so is in effect to punish him for an offense for which he has been neither charged nor tried and to discourage a defendant from exercising his right to trial and to testify on his own behalf."

Even more serious is the action of a sentencing judge increasing a defendant's penalty because the trial court feels the jury was mistaken in finding the defendant not guilty of another charged offense. Such action serves to destroy the effectiveness of the right to jury trial. The trial court is required to accept the jury's verdict and, in sentencing for an offense of which the defendant was convicted, to give no consideration to the evidence tending to indicate defendant to be guilty of the offense of which he was found not guilty by the jury. The court-imposed requirement that defendant attend Maryhaven under the circumstances indicates that the trial court was considering the OMVI charge despite the jury's not guilty verdict. Furthermore, the imposition of a jail sentence could be justified herein only if defendant had been found guilty of OMVI.

In the present case, defendant was found guilty only of a violation of C.C. 2135.01, operating a motor vehicle without a license. His sentence could properly be for that charge alone. The trial court had before it only a presentence investigation and the Maryhaven report, which found that neither a continuing drug nor alcohol problem was indicated. The presentence investigation disclosed only two traffic violations in fifteen years, one in 1982 where defendant was convicted of a violation of C.C. 2133.01, OMVI, and the other in 1971 in Pennsylvania where defendant was found guilty of a traffic signal violation.

Multiple mitigating factors require less than the maximum jail sentence. See R.C. 2929.12(C)(1), (2), (4), and (6). We find that the imposition of the maximum jail sentence greatly exceeded reasonable limits of discretion in light of the defendant's motivations, the lack of actual injury to persons or property, the absence of any traffic offense history for the four previous years (and only two traffic offenses in the previous fifteen years), the fact that the offense was the result of circumstances unlikely to occur, and the fact that the jury had found defendant not guilty of the OMVI offense.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court for modification of the sentence in accordance with law consistent with this opinion.

*Judgment reversed
and cause remanded.*

STRAUSBAUGH, P.J., and COOK, J., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.