An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 25. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision.Crawford v. Eastland Shopping Mall Assn.(1983), 11 Ohio App.3d 158.
Defendant-appellant Evelyn Gipson appeals from her conviction for one count of telephone harassment in violation of R.C.2917.21(A)(1).[1] After a no-contest plea, the court found the appellant guilty and imposed a term of 180 days incarceration and a $250 fine. The court suspended the fine. This court granted a stay of execution upon appeal.
At the outset, this court notes that the appellant has not contested the validity of her plea to the offense of telephone harassment, but rather appeals only the sentence imposed by the trial court.
The record reveals that at the sentencing hearing, the trial court acknowledged that the appellant had committed one count of telephone harassment. The court also stated that it had considered the criteria for sentencing under R.C. 2929.22 and the pre-sentence report (T. 2). Although the appellant's statement to the court is somewhat rambling, it appears that her dispute with the victim arose out of the victim's alleged sexual molestation of the appellant's daughter. The victim indicated that he would take a "test," but had never managed to do so (T. 3). Finally, the appellant spoke with the victim in person and indicated that legal action would be taken. The appellant stated that since the victim filed the complaint, she has not telephoned him. She informed the court that the victim would follow her when she took her daughter to school, but that she complied with a suggestion, made by a police detective, to change her route to avoid seeing the victim. She did not file a police report against the victim until after the complaint was filed in this case.
When the court questioned the appellant as to whether or not she believed the matter of the victim "taking a test" was a police matter, she conceded that it was (T 4).
The court indicated on the record that a telephone tap revealed that the appellant had made 45 telephone calls to the victim. The court asked whether the appellant had contacted the victim's daughter's school and represent that she was the mother. She responded in the negative. The court continued its questioning and asked whether she had ever threatened the victim's daughter. Again, the appellant responded in the negative. The appellant stated that something needs to be done about [the victim] (T. 5). The court stated: "Something needs to be done here, I agree and my police report, the probation report indicates that this is more out of money. Your pursuit of money . . . And your threatening his daughter contacting the school and stalking his daughter. I don't believe what you're telling me." (T. 5-6).
After sentence was imposed, the appellant asked the court why she was being incarcerated. The court responded that her behavior was unacceptable (T. 6).
The appellant sets forth the following three assignments of error:
 THE TRIAL COURT ABUSED ITS DISCRETION TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY FAILING TO PROPERLY APPLY THE CRITERIA OF O.R.C. § 2929.22(B) AND (C) IN SENTENCING THE DEFENDANT.
 THE TRIAL COURT ABUSED ITS DISCRETION TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY FAILING TO FOLLOW THE CRITERIA OF O.R.C. 2929.22(E) IN SENTENCING THE DEFENDANT TO BOTH IMPRISONMENT AND A FINE.
 THE TRIAL COURT (sic) IN USING MATERIAL FROM THE PRESENTENCE REPORT WITHOUT IT BEING SUBSTANTIATED OR PERMITTING RESPONSE BY THE APPELLANT VIOLATED THE APPELLANT'S RIGHT TO CONFRONT WITNESSES AGAINST HER.
In the first assignment of error, the appellant argues that the trial court failed to properly address the criteria for sentencing as required under the sentencing statute for misdemeanors. Specifically, the appellant contends that the court failed to consider the mitigating criteria in R.C. 2929.12(C) (E). The appellant also argues that the court's consideration of unsubstantiated information in the pre-sentence report was an abuse of discretion. In the second assignment of error, the appellant asserts that the court imposed both a fine and a term of imprisonment without considering the parameters set forth in R.C. 2929.22.
In the third assignment, the appellant asserts that she was not given an adequate chance to rebut charges made by the court that she stalked the appellant's daughter and that her conduct was based on an attempt to achieve monetary gain. Additionally, in the third assignment of error, the appellant argues that reliance on the information in the pre-sentence report abridged her right to confront witnesses.
This court has held that a trial court has broad discretion in imposing a sentence on a defendant. In Strongsville v. Cheriki
(Mar. 4, 1999), Cuyahoga App. No. 73800, unreported, this court held:
 The legislature enacted R.C. 2929.22 in an attempt to regulate the trial court's broad discretion in sentencing criminal defenders. State v. Stevens(1992), 78 Ohio App.3d 847. The statutory criteria of R.C. 2929.22 do not control the trial court's discretion, rather, the criteria provides a guide in exercising sentencing discretion. "Failure to consider these criteria constitutes an abuse of discretion, but when the sentence imposed is within the statutory limit, a reviewing court will presume that the trial judge followed the standards set forth in R.C. 2929.22 * * * absent a showing to the contrary." 80 Ohio App.3d 95-96. See, also, Cleveland v. Buckley(1990), 67 Ohio App.3d 799. Therefore, since defendant-appellant's sentence was within the statutory limits, the burden is on defendant-appellant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria. State v. Keaton(1996), 113 Ohio App.3d 696; State v. Cyrus
(1992), 63 Ohio St.3d 164.
It is presumed that the trial court considered the factors contained in R.C. 2929.12 and R.C. 2929.22 in the sentencing process unless it appears from the record that the court unreasonably ignored them, or acted out of bias, prejudice and preconceptions. Village of Valley View v. Seink,(Jan. 28, 1999), Cuyahoga App. No. 74901, unreported.
However, this court notes that it is error for a trial judge to base a sentence upon a crime neither charged nor proven. State v.Henley(Oct. 29, 1998), Cuyahoga App. No. 74305, unreported, citing to State v. Dongo(1982), 4 Ohio App.3d 136; Columbus v.Jones(1987), 39 Ohio App.3d 87; State v. Jeffers(1978),57 Ohio App.2d 107; and, State v. Patterson(1996),110 Ohio App.3d 264. This court has found such a sentence to be a clear abuse of discretion. Longo, supra.
In the case sub judice, the trial court erred in considering the allegations in the pre-sentence investigation report that the appellant had contacted the victim's daughter's school and had talked to the victim's daughter.
The appellant's first assignment is well taken.
Conviction affirmed. Sentence modified to time served. Appellant ordered discharged.
It is ordered that appellant recover of appellee her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction is affirmed. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________________ ANN DYKE, P.J.
 ___________________________________ TIMOTHY E. McMONAGLE, J.
 ___________________________________ JAMES D. SWEENEY, J.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] The appellant had been charged with three counts of telephone harassment. Two counts were dismissed. The count for which the appellant was convicted consisted of approximately 14 telephone calls.