JOURNAL ENTRY AND OPINION
Defendant-appellant Henry Smith, Jr. appeals the maximum sentence imposed on his guilty plea conviction for attempted gross sexual imposition.
Defendant was indicted by the grand jury for rape by purposely compelling the victim to submit by the use of force or threat of force. Defendant was ordered to undergo an HIV test. During the course of the proceedings defendant's attorney filed a motion to examine the results of his blood test. His motion stated as follows:
 The charges herein allege vaginal rape. Allegations of victim claim unprotected sex. Defendant is the care taker for his significant other who is stricken with HIV. * * *
At the initial change of plea hearing, defendant got cold feet. The Court advised defendant of all his rights, specifically instructed him that the court made no promise to give him probation, and informed him that he could appeal the maximum sentence. Defendant sought to enter an Alford plea, which the court declined to accept.
Approximately two weeks thereafter defendant appeared a second time to enter a guilty plea. This time he appeared before a different judge who was sitting in for the first judge. The judge fully explained defendant's rights. Defendant stated that it was his desire to enter a guilty plea. The court found defendant knowingly and willing waived his rights, accepted his plea of guilty to the lesser charge of attempted gross sexual imposition, and found him guilty.
The judge granted defendant's request to have the matter referred for a presentence report. The court noted that such a referral did not mean that defendant would be granted probation. Defendant was thereafter specifically advised that the original judge would preside over the sentencing hearing.
Defendant appeared with counsel for sentencing before the original judge. Defendant declined to make any statement. The victim had written a letter to the trial judge in lieu of appearing in person. She stated that she had trusted defendant before the incident, but that he traumatized her, and she would never be able to forget it. The victim's letter concluded as follows:
 [DEFENDANT] WAS FULLY AWARE OF HIS WIFE/GIRLFRIEND HAVING FULL BLOWN AIDS, HE JUST DID NOT CARE. SO NOW I HAVE TO GO THE REST OF MY LIFE THINKING THAT I MAY HAVE AIDS.
 THIS IS A LOT FOR ME TO DEAL WITH AS A YOUNG LADY. [DEFENDANT] NEEDS TO UNDERSTAND THAT HE MAY HAVE CAUSE[D] [SIC] ME MY LIFE.
Defense counsel explained that defendant had already served five days in jail and had no prior criminal record. Counsel again stated the prosecution had agreed as part of the plea bargain not to raise an objection to probation. The following colloquy occurred:
 DEFENSE COUNSEL: * * * he would be a good candidate for community —
 THE COURT: He raped this girl and he knew his wife had AIDS, and now he stands here and he doesn't have anything he'd like to say.
DEFENSE COUNSEL: May I?
 THE COURT: He got the deal of his life already. You talk about five, five days.
 DEFENSE COUNSEL: May I counsel with him for a short second, your Honor?
 THE COURT: No. He doesn't have anything to say. That's fine with me.
This Court finds it's the worst kind of its case.
 He raped this girl, violently raped her; knew his wife had AIDS; shows no remorse as he stands before the Court; and he's going to get $2,500 and costs, 12 months at the Lorain Correctional Institution, and that's the most I could do. I'll never agree to anything like that ever again.
(Tr. 23-24, emphasis added.)
The Court thereafter made the following statement:
 THE COURT: * * * The Court makes the additional findings.
Recidivism: Shows no remorse for the offense.
 Seriousness factors: That the victim suffered serious physical, psychological harm as a result of the offense.
 The victim was afraid to go outside and her grades dropped. She must undergo HIV testing for the rest of her life. That the relationship with the victim facilitated the offense. The explanation would be the victim was a friend of the defendant's sister. That psychological harm was caused to a person. That the crime was a sex act. And as he stands here today, he's still not remorseful for what he did.
(Tr. 24-25.)
The trial court thereafter journalized its sentence, stating in part as follows:
 THE COURT CONSIDERED ALL OF THE REQUIRED FACTORS OF THE LAW.
 THE COURT FINDS THAT PRISON IS CONSISTENT WITH THE PURPOSE OF R.C. 2929.11.
 THE COURT IMPOSES A PRISON TERM AT LORAIN CORRECTIONAL INSTITUTION OF 12 MONTHS. THE SENTENCE INCLUDES ANY EXTENSIONS PROVIDED BY LAW.
DEFENDANT TO PAY COURT COSTS AND A FINE OF $2,500.00.
Defendant, through newly appointed counsel, timely appeals from his sentence, raising the following sole assignment of error:
 HENRY SMITH HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY THE MAXIMUM SENTENCE HE RECEIVED IN THE CASE AT BAR, AS THE SENTENCE DOES NOT COMPORT WITH OHIO'S NEW SENTENCING SCHEME.
This assignment is well-taken in part.
Defendant complains that the trial court's journal entry does not contain specific findings to explain why it imposed the maximum sentence. He also argues that, even if the trial court's statements in open court on the record during the sentencing hearing were sufficient, the sentence improperly punished him for the crime of rape of which he was not convicted.
Defendant's argument that the trial court did not adequately find that he committed the worst form of the offense lacks merit. This court has held that articulating points orally at the sentencing hearing is sufficient to comply with the requirements of Ohio's felony sentencing law. E.g., State v. McGee (Mar. 12, 1998), Cuyahoga App. No. 72148, unreported, at p. 6. In State v. Edmondson (1999),86 Ohio St.3d 324, 326, the Supreme Court likewise indicated that oral statements at a transcribed sentencing hearing are sufficient to constitute findings for purposes of imposing more than the minimum sentence. Under the circumstances, we find the trial court's statement that [t]his Court finds it's the worst kind of its case to constitute a sufficient finding under R.C. 2929.14(C) to impose the maximum sentence.
We agree with defendant that it would be better practice to record specific findings by journal entry. However, making the requisite findings via statements on the record in open court during a sentencing hearing is sufficient, absent some showing of prejudice. Defendant does not argue, let alone demonstrate, that he suffered any prejudice from the trial court's oral explanation of its findings to him at sentencing without an additional recitation by journal entry.
Defendant also complains that during the course of sentencing, the trial court indicated that he had committed a higher degree of crime than that to which he pleaded guilty. Defendant was charged with the crime of rape but pleaded guilty to the lesser charge of attempted gross sexual imposition as part of a plea bargain. It is well established that a trial court may not impose a greater sentence upon an offender because of its belief that the offender committed a more serious offense than that for which he has been convicted. See e.g., Columbus v. Jones (1987), 39 Ohio App.3d 87,89-90.
It is not clear that the trial court's misstatement had any impact on the sentence it imposed. The nature and circumstances of the offense are sufficient to warrant the sentence imposed by the trial court upon an appropriate set of findings. Nevertheless, to dispel any doubt, and because we discern a different error concerning the sentence imposed by the trial court, we remand for resentencing.
The trial court's journal entry imposing sentence recites that the sentence imposed INCLUDES ANY EXTENSIONS PROVIDED BY LAW. The transcript of sentencing reveals that the trial court did not explain these terms of sentence to defendant. This court has consistently remanded matters for resentencing when the trial court did not properly explain to defendants applicable provisions concerning bad time and post-release control sanctions. E.g., State v. Melton (May 4, 2000), Cuyahoga App. No. 75792, unreported at p. 10 (citations omitted.)
Accordingly, defendant's sole assignment of error is well taken in part. We affirm defendant's conviction, but remand for resentencing.
This cause is reversed and remanded for resentencing.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
TIMOTHY E. McMONAGLE, J., and JAMES D. SWEENEY, J., CONCUR.
 ____________________________________ DIANE KARPINSKI, PRESIDING JUDGE