DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Common Pleas Court judgment of conviction and sentence. The trial court, after a jury trial, found appellant guilty of violating a protection order, in violation of R.C.2919.27(A)(1).
Appellant raises the following assignment of error for review:
 "THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE ON APPELLANT BY USING UNCHARGED INSTANCES OF CONDUCT IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
Our review of the record reveals the following facts pertinent to the instant appeal. On April 30, 1999, the Athens County Grand Jury returned an indictment and alleged that appellant violated a protection order, in violation of R.C. 2919.27(A)(1), with a specification that he had a previous conviction for a violation of a protection order. On January 10, 2000, the jury found appellant guilty of the offense charged in the indictment.
On April 7, 2000, the trial court held a sentencing hearing. The court orally pronounced sentence and ordered appellant to serve nine months in prison. The court further ordered appellant to wait in the courtroom until a deputy arrived. Appellant, however, fled from the building to a parking garage across the street from the courthouse.
Athens County Sheriff's Deputy John Koren eventually apprehended appellant. Deputy Koren stated that he found appellant in his vehicle, in the parking garage, where appellant appeared to be attempting to leave. Deputy Koren stated that he commanded appellant to stop and that appellant initially did not stop. Deputy Koren explained that he drew his weapon, at which point appellant obeyed his command to stop. Deputy Koren then returned appellant to the courtroom, where the judge reopened the sentencing hearing.
Upon reopening the sentencing hearing, the court heard Deputy Koren's testimony regarding appellant's conduct. After hearing the deputy's testimony relating the above-described events, the court sentenced appellant to an additional three months imprisonment, for a total term of one year imprisonment.
On April 20, 2000, the trial court journalized its sentencing entry. In its entry, the court noted as follows:
 "Before the proceedings were journalized, the Court went back on the record and reopened the sentencing hearing. The defendant's attorney objected and the Court overruled defendant's objections because the sentencing had not been finalized through a judgment entry.
 Security Officer John Koren testified, subject to cross-examination, that the defendant fled the courtroom before a security officer could arrive. Koren further testified that he arrested the defendant in his car in the parking garage as the defendant was trying to exit. Based on this evidence and after allowing the defendant the opportunity to present evidence and an opportunity to speak, the Court found that the defendant had disobeyed its instruction and that he had the greatest likelihood of committing future crimes. By fleeing the courtroom, the defendant had probably committed the crime of Escape. Therefore, the court ordered the defendant to serve an additional three months in prison for a total prison term of twelve months."
In his sole assignment of error, appellant asserts that the trial court erred by reopening the sentencing hearing and by sentencing him to an additional three months imprisonment. Appellant argues that the trial court, by reopening the sentencing hearing and by adding the three months, tried, convicted, and sentenced appellant for the crime of escape, in violation of his due process rights.
Appellee argues that the trial court did not err by reopening the sentencing hearing and by sentencing appellant to an additional three months. First, appellee notes that the trial court had not yet journalized its decision and that the trial court, therefore, possessed authority to modify the sentence. Second, appellee disagrees with appellant's notion that the trial court "tried, convicted, and sentenced" appellant for the crime of escape. Appellee notes that R.C. 2929.12(D) permits the court to consider "any other relevant factors as factors indicating that the offender is likely to commit future crimes." Appellee contends that the trial court's sentencing entry reveals not that the trial court "tried, convicted, and sentenced" appellant for the crime of escape, but that the trial court properly considered, pursuant to R.C.2929.12(D), appellant's conduct and the likelihood that his conduct constituted the crime of escape as a reason for imposing the additional three months imprisonment.
Initially, we note that in view of the fact that the trial court had yet to journalize its sentencing entry, the court properly reopened the sentencing hearing. "[I]t is axiomatic * * * that a court only speaks through its journal. * * * Further, until an entry is journalized, the court retains the right and discretion to review and reverse its previous findings. * * *" State ex rel. Hansen v. Reed (1992), 63 Ohio St.3d 597,599, 589 N.E.2d 1324, 1326.
In State v. Jones (Mar. 18, 1999), Franklin App. No. 98AP-639, unreported, the court discussed a trial court's authority to reopen a sentencing hearing as follows:
 "A trial court may change the terms of a sentence at any time before the sentence is journalized, provided the court conducts a sentencing hearing in defendant's presence as contemplated by Crim.R. 43(A). State v. Cornette (Jan. 25, 1990), Franklin App. No. 89AP-717, unreported]; [State v. Jones (Dec. 1, 1987), Franklin App. No. 87AP-344, unreported]. Moreover, because `a court of record speaks only through its journal * * * no action of the court can be regarded as a decision or judgment until it is reduced to writing and filed with the clerk for journalization.' State v. Law
(Dec. 20, 1994), Franklin App. No. 94APA06-832, unreported, citing State ex rel. Indus. Comm. v. Day
(1940), 136 Ohio St. 477, 26 N.E.2d 1014 and Krasny v. Metropolitan Life Ins. Co. (1944), 143 Ohio St. 284, 54 N.E.2d 952. * * *."
We further conclude that the trial court properly considered appellant's conduct following the original sentencing hearing as a factor indicating his likelihood to commit future crimes.[1] When considering whether an offender poses the greatest likelihood of committing future crimes, R.C. 2929.12(D) permits a sentencing court to consider "any * * * relevant factors."
In the case at bar, the trial court sentenced appellant to the maximum term — twelve months. Appellant's conduct following the "original" sentencing hearing led the court to conclude that appellant poses the greatest likelihood of committing future crimes. The trial court did not, as appellant suggests, "try, convict, and sentence" appellant for the crime of escape. Rather, the trial court permissibly considered appellant's conduct[2] as a factor indicating his likelihood to commit future crimes. See R.C. 2929.12(D). The court noted that: (1) the additional three month term resulted in appellant receiving the maximum sentence allowed for a fifth degree felony; (2) appellant's conduct demonstrated that appellant poses the greatest likelihood of committing future crimes; and (3) the maximum term, therefore, was justified. We further point out that appellant's conduct after the conclusion of the trial is strikingly similar to the conduct for which he was charged and tried — i.e., the inability to follow and to obey court orders. We believe that the trial court acted within its discretion in considering all factors, including appellant's post-trial activities, when crafting an appropriate sentence.
Moreover, we note that a sentencing court properly may consider a defendant's conduct throughout the course of a trial. See State v.O'Dell (1989), 45 Ohio St.3d 140, 543 N.E.2d 1220; State v. Bair (Apr. 8, 1999), Cuyahoga App. No. 72881, unreported. In O'Dell, the trial court, at the sentencing hearing, told the defendant that it believed she had perjured herself during the trial and that "because of that, you are going to get one year in the state penitentiary." On appeal, the defendant argued that the trial court improperly sentenced the defendant to prison because the court believed she had lied. The court of appeals agreed.
The state appealed to the Ohio Supreme Court and argued that the trial court properly considered the defendant's conduct during trial as a factor in sentencing her. In agreeing with the state, the court explained:
 "The court of appeals' decision relied upon State v. Jeffers (1978), 57 Ohio App.2d 107, 385 N.E.2d 641, and Columbus v. Fugate (Jan. 28, 1988), Franklin App. Nos. 87AP-771 and 87AP-772, unreported, both of which relied in turn on Scott v. United States (C.A.D.C. 1969), 419 F.2d 264, and Poteet v. Fauver (C.A.3, 1975), 517 F.2d 393. These cases stand for the proposition that a sentence may never be increased because the defendant, in the opinion of the sentencing judge, lied during the trial. A rationale for these holdings is that the defendant should not be punished for the crime of perjury without having been first indicted and convicted of that offense.
 The United States Supreme Court disapproved of Scott
and Poteet, supra, in United States v. Grayson
(1978), 438 U.S. 41, and noted that it has long been proper for the sentencing court to consider evidence heard during the trial as well as the demeanor of the accused. The court further observed that the defendant's truthfulness or lack thereof while testifying on his own behalf is `* * * probative of his attitudes toward society and [his] prospects for rehabilitation. * * *.' Id. at 50. While a defendant is guaranteed the right to a trial and should never be punished for exercising that right or for refusing to enter a plea agreement, there is no federal or state constitutional right to lie on the witness stand. A defendant's act of lying while under oath is probative of his prospects for rehabilitation. Such an act is one of the factors that a trial judge may consider when imposing sentence under R.C. 2929.13. The applicable statutes do not preclude the sentencing court from considering the serious misbehavior by a defendant as observed by the sentencing court during trial."
O'Dell, 45 Ohio St.3d at 147, 543 N.E.2d at 1227. See, also, Bair
(stating that a "defendant's behavior throughout the course of the trial [is] relevant to the sentencing"). Thus, appellant's reliance uponJeffers is unpersuasive. In O'Dell, the court questioned the validity ofJeffers.
Consequently, we find that the trial court properly considered appellant's conduct following the closing of the original sentencing hearing and prior to issuing its judgment of conviction and sentence.
Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ Peter B. Abele, Presiding Judge
Kline, J. Evans, J. Concur in Judgment Opinion.
[1] The jury found appellant guilty of R.C. 2919.27(A)(1), a fifth degree felony. A trial court may sentence a fifth degree felony offender to a term of imprisonment ranging from six months to twelve months. See R.C. 2929.14(A)(5). R.C. 2929.14(C) provides that the court may impose the maximum term "only * * * upon offenders who pose the greatest likelihood of committing future crimes."
[2] We note that Deputy Koren's testimony was permissible pursuant to R.C. 2929.19(A). R.C. 2929.19(A)(1) permits the court to allow "any other person" to "present information relevant to the imposition of sentence." R.C. 2929.19(B)(1): "At the hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section * * *."