JOURNAL ENTRY AND OPINION
Defendant-appellant Anthony Frankos appeals from his sentence for aggravated assault to be served consecutive to his sentence for a probation violation.
Defendant was indicted in Case No. CR-375858 on two counts of raping his former girlfriend. Defendant ultimately appeared with counsel on the day scheduled for trial and proceeded to enter a guilty plea pursuant to a plea bargain. The parties agreed that defendant would plead guilty to a single count on the reduced charge of aggravated assault and that the remaining rape charge would be nolled. As to the reduction of the original charge from rape to aggravated assault, defendant specifically agreed that he would not base a challenge on the grounds that it was not a lesser included offense.
After the trial court fully complied with the requirements of Crim.R. 11(C), defendant entered an Alford plea of guilty to aggravated assault. Defendant argued that he engaged in consensual sexual intercourse with the victim, his girlfriend, with whom he terminated his relationship at the time of the incident. The victim and prosecution maintained that she did not consent to the sexual activity and had broken off their dating relationship before the incident. The trial court accepted defendant's plea, concluded that it was made knowingly, voluntarily, and intelligently, and found him guilty of aggravated assault. The trial court thereafter scheduled the matter for sentencing and a hearing on a probation violation in Case No. CR-340460.
The trial court found that defendant violated his probation in Case No. CR-340460. In the case at bar, the prosecutor described the offense and submitted a copy of the victim's emergency room medical treatment records following the incident. The medical records indicate that the victim requested that no rape kit be prepared because she did not want to get defendant in trouble with the authorities. The victim spoke to the court, and defense counsel waived the requirement that she be placed under oath. She stated she had a nervous breakdown and decided to press charges to help herself get through the situation and to prevent it from happening to someone else in the future.
The defense thereafter presented its arguments. Defendant maintained his innocence. Emphasizing defendant's version of events, his counsel stated that the medical records did not indicate any lacerations were made in a forcible attack. Counsel stated that before his conviction defendant had already served three months in jail for this offense.
The trial court concluded that it found the victim's version of events more credible than defendant's. The court found defendant committed the worst form of aggravated assault and thereafter imposed the maximum eighteen-month sentence on his aggravated assault conviction.
The trial court then discussed the sentence imposed for defendant's probation violation in Case No. CR-340460. The court stated the defendant was involved with a group of drug dealers who committed a murder and was lucky that he was convicted in that case of only obstruction of justice and tampering with evidence. The court thereafter discussed the relevant statutory factors and imposed defendant's sentence for aggravated assault consecutive to the sentence imposed for his probation violation.
Defendant timely appeals raising the following sole assignment of error:
 THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO SERVE MAXIMUM CONSECUTIVE SENTENCES BY [SIC] BASED UPON CONSIDERATION OF AN OFFENSE OTHER THAN THE OFFENSE TO WHICH THE APPELLANT ENTERED A GUILTY PLEA.
This assignment lacks merit.
Defendant argues the trial court improperly imposed the maximum sentence of eighteen months imprisonment for aggravated assault. Defendant also argues that the trial court improperly imposed that sentence consecutive to the sentence imposed upon him in the case in which he violated probation.
The record shows that the trial court considered the necessary sentencing factors before imposing the maximum eighteen-month sentence for aggravated assault. R.C. 2929.14(C). The trial court expressly stated that defendant committed the worst form of the offense. The trial court could properly find that an assault, involving sexual penetration for which the victim seeks treatment in a hospital and suffers a nervous breakdown, is worse than the typical offense of aggravated assault.
Defendant argues that the trial court improperly concluded that he committed the offense of rape. He argues the trial court should not consider this charge because it was dismissed. For support he cites State v. Smith (Aug. 3, 2000), Cuyahoga App. No. 76919, unreported. Smith cited a single case which discussed this issue, Columbus v. Jones (1987),39 Ohio App.3d 87, but did not reverse the trial court's sentence on this basis as defendant requests. The opinion in Smith reveals that this court reversed Smith's sentence expressly because the trial court did not properly explain bad time and post-release control sanctions to him. Id. at 5.
The law governing the trial court's consideration of circumstances underlying a charge is more complicated than defendant suggests and has been summarized as follows:
4.18 Real offense sentencing
 Notwithstanding that an offense has been plea bargained to a lesser offense, presentence reports are traditionally written to contain all facts in the police file. Likewise, judges have been accustomed to sentence an offender based on the judge's perception of the true facts even though such facts may be inconsistent with a plea bargain. For example, a robbery charge may be plea bargained to an attempted robbery. A charge of grand theft of a motor vehicle may be plea bargained to attempted grand theft of a motor vehicle.
 Notwithstanding the plea bargain the judge may sentence the offender within the statutory parameters of the plea bargained offense based upon what the record shows to have been the real facts of the offense. Thus, seriousness of the offense will generally be based upon the judge's perception of the real facts of what occurred, and the plea bargained offense will simply set a ceiling on what the judge can impose.
 A different situation is presented when a lesser offense has been found as the result of trial. Where the jury has been the trier of facts, Ohio courts have ruled it improper to impose a higher sentence because the judge believed the defendant guilty of a charge for which the jury acquitted. However, the facts established in connection with the charge of acquittal may be considered when sentencing for the offense of conviction.
Griffin Katz, Ohio Felony Sentencing Law (2000 ed.) at 450-451 (footnotes and citations omitted). Columbus v. Jones, cited by Smith, falls into the latter category of cases in which the trial court could not find the facts differently than the jury. The case at bar is distinguishable because no jury trial occurred and the case involved a plea bargain, which does not preclude the trial court's consideration of the underlying facts.
Defendant contends that his sentence was not based upon the proper statutory sentencing factors. However, the statutory seriousness and recidivism factors, R.C. 2929.12, and the criteria governing imprisonment, R.C. 2929.13, and the length of imprisonment, R.C. 2929.14, are not exclusive. R.C. 2929.12 expressly provides that the trial court shall consider certain seriousness and recidivism factors and, in addition, may consider any other factors that are relevant to achieving [the] purposes and principles of sentencing. See e.g., State v. Hess (May 13, 1999), Franklin App. No. 98AP-983, unreported.
The practice of considering other relevant factors during sentencing is longstanding. Prior to the enactment of the Senate Bill 2 felony sentencing requirements, Ohio courts likewise recognized that sentencing was not limited to the statutory criteria. See 28 O.Jur.3d, Criminal Law, Section 2142 (felonies) at 203, and 2159 (misdemeanors) at 212. Under the circumstances, defendant has not shown that the trial court considered any improper factor or that its sentence was otherwise contrary to the purposes of felony sentencing or applicable law.
Defendant argues it was unfair for the trial court to consider the rape charges because he agreed to plead to aggravated assault and the rape charges were dismissed. We would agree with defendant if the parties and trial court had agreed not to consider these matters during sentencing as part of the plea bargain. However, we believe that defendant received the benefit of his bargain in the case at bar.
Crim.R. 11(F) provides that the agreement reached by the parties as part of a plea bargain shall be expressly stated on the record. During the hearing, the prosecutor stated the terms of the parties' agreement and defense counsel agreed that the prosecutor correctly recited their agreement. A thorough review of the record reveals that the parties did not reach any express agreement concerning the trial court's consideration of either the rape charges or the violent sexual circumstances of the crime. Because trial courts routinely consider these matters during sentencing, and because the parties did not reach any contrary agreement, defendant has not shown any error.
Defendant also argues that the trial court improperly ordered him to serve his sentence for aggravated assault consecutive to the sentence imposed for his probation violation in Case No. CR-340460. The record shows that the trial court complied fully with R.C. 2929.14(E)(4) when imposing consecutive sentences.
Defendant had already served one prison sentence and committed his offense in the case at bar while on probation for another offense. The court specifically found that consecutive sentences were necessary to protect the public and were not disproportionate to defendant's conduct. The court also found that defendant's history of criminal convictions demonstrated the necessity for consecutive sentences and the harm from his offenses was so great that a single sentence would not be adequate.
Accordingly, defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.