JOURNAL ENTRY AND OPINION
Willard McConnell appeals from a judgment of the common pleas court which imposed concurrent three-year sentences pursuant to his guilty pleas to the crimes of abduction and felonious assault. On appeal, he contends that the court abused its discretion by failing to consider the mitigating factors he presented during the sentencing hearing. After careful consideration of his argument, thorough review of the record, and application of the appropriate law, we have concluded that the trial court did not abuse its discretion and therefore affirm the judgment and sentence.
In the early morning hours of September 19, 2000, McConnell assaulted his longtime girlfriend in his car. On October 3, 2000, a grand jury indicted McConnell on two counts of rape, one count of kidnapping, and one count of felonious assault. As part of a negotiated agreement, he pled guilty to abduction and felonious assault, and the state agreed to nolle the remaining counts.
On February 26, 2001, the trial court sentenced McConnell to concurrent prison terms of three years on each count. McConnell now appeals from that sentence and presents one assignment of error for review. It states:
 THE TRIAL COURT FAILED TO CONSIDER STATUTORY MITIGATING FACTORS PRESENTED BY THE DEFENDANT PRIOR TO IMPOSING SENTENCE.
McConnell claims that the court abused its discretion by not referencing any of the mitigating factors listed in R.C. 2929.12(C) and (E) prior to pronouncing his sentence, and he further maintains that the court failed to consider the mitigating statements he and his counsel offered at the sentencing hearing. The state asserts that R.C. 2929.12
does not require the court to restate mitigating factors during a sentencing hearing in order to demonstrate that the court considered them.
Thus, we are asked to consider on this appeal whether, in imposing sentence in this case, the trial court complied with R.C. 2929.12(C) and (E).
R.C. 2929.12(C) and (E) set forth mitigating factors that the court must consider during sentencing. They provide:
 (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
* * *
 (E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
 (5) The offender shows genuine remorse for the offense.
It is well established that a trial court has broad discretion in imposing a sentence on a defendant. See, e.g., State v. Carty (Nov. 2, 2000), Cuyahoga App. No. 77520, unreported, quoting Strongsville v. Cheriki (Mar. 4, 1999), Cuyahoga App. No. 73800, unreported, citing Columbus v. Jones (1987), 39 Ohio App.3d 87 . The mitigating factors listed in R.C. 2929.12(C) and (E) merely provide a guide for the court to use in exercising sentencing discretion.
During sentencing, defense counsel argued the following mitigating circumstances:
 MR. STAFFORD: Yes, your Honor. The facts and circumstances of this situation naturally give rise for the court to question the conduct of Mr. McConnell. There's no real good explanation for some of the conduct of Mr. McConnell. However, I believe this is an aberration of Mr. McConnell's conduct.
 Your Honor, if you look at Mr. McConnell, he's 20 years old. He's been working since approximately 17 years old. He's currently still employed full-time with Executive Caterers since that time in 1997.
 He and the victim, [S.J.], have one minor child together, one year old. Mr. McConnell has supported that child throughout this entire ordeal. The parents have worked together raising this child. Mr. McConnell has financially supported this child, and they continue to have a relationship to this day, your Honor, not only just as parents, but as partners.
It's a very unusual set of circumstances.
 The actions of Mr. McConnell were atrocious, to say the least. However, he's here today as a young man to accept responsibility for what he has done. I truly believe he recognizes that that was unacceptable on that evening. I believe alcohol played at least a small role in his conduct that night.
 And we would ask the Court to take all those mitigating factors into consideration before imposing sentence.
(Tr. 11-13.)
McConnell indicated remorse, but then the prosecution set forth the following aggravating factors:
MS. MALECKAR: Thank you, your Honor.
 Your Honor, I've had the opportunity to read the PSI, and I find that it's accurate. But there's an important omission. I don't believe that it states the fact that in addition to cutting off the victim's hair during this incident, that the defendant pushed her out nude onto the street at approximately 4:00 in the morning, at 140th and St. Clair.
 What's striking, your Honor, is the total lack of remorse on the part of the defendant for these horrible actions. The victim, [S.J.], is not here today. And this is in part due to the fact, I do believe, they have reunited and that the defendant actually was contacting the victim and encouraging her to have a relationship with him when we were pending trial in this case. I think that's another significant factor, is the manipulation displayed by this defendant.
 I would ask that the Court take all this into consideration in sentencing.
(Tr. 13-14.)
After both sides argued their respective positions, the court sentenced McConnell as follows:
 THE COURT: Thank you. Mr. McConnell, the presentence report certainly minimizes your actions, at least attempts to minimize your version. There is a presumption of prison time in both of these felonies — well, for the felony two there's a presumption.
 I'm going to give you three years on each count, to run concurrent to each other. Your relationship with the victim, facilitated with [sic] the offense, you show lack of remorse, to give you the minimum would demean the seriousness of these offenses. So I'm going to give you three years on each count, to run concurrent.
(Tr. 14-15.)
This colloquy indicates not only that the court considered the mitigating factors referenced by defense counsel, including the issue of remorse, but also that the court rejected each of them. McConnell's claim that the court did not consider these factors is unsupported by the record. Unlike R.C. 2929.14, which obligates the court to make certain findings on the record before imposing more than the minimum, maximum, or consecutive sentences, R.C. 2929.12(C) and (E) only require the court to consider relevant mitigating factors. See State v. Edmonson (1999),86 Ohio St.3d 324, 326-327. Simply stated, neither the Revised Code nor any controlling case authority requires the court to restate the mitigating factors presented by defense counsel during a sentencing hearing in order to demonstrate that the court considered them.
Based on our review of the record, we have concluded that the trial court considered the relevant mitigating factors and properly sentenced McConnell in accordance with R.C. 2929.12 and correspondingcase law. Accordingly, we reject this assignment of error and affirm the sentence imposed in this case.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J. and COLLEEN CONWAY COONEY, J. CONCUR. TERRENCE O'DONNELL