## State v. Vanderwyst
*[Cite as 4 AOA 366]*

*Case No. 1872*
*Medina County, (9th)*
*Decided June 27, 1990*

John J. Lohn, Prosecuting Attorney, 132 N. Elmwood Ave., P.O. Box 703, Medina, OH 44258, for Plaintiff.

John A. Demer, Attorney at Law, 1215 Superior Ave., Suite 410, Cleveland, OH, 44114 for Defendant.

REECE, P.J.

Defendant-appellant, Jill Vanderwyst, pleaded no contest to charges of vehicular homicide [R.C. 2903.07] and failure to yield [R.C. 4511.43]. The trial court found Vanderwyst guilty and sentenced her. Vanderwyst appeals.

The sole issue on appeal is whether the trial court abused its discretion in ordering incarceration of Vanderwyst as part of the imposition of sentence. Sentencing is within the sound discretion of the trial court and is generally not disturbed upon review where the sentence is within the confines of the valid statute. *Toledo* v. *Reasonover* (1965), 5 Ohio St. 2d 22.

Vanderwyst was convicted of violating R.C. 2903.07, vehicular homicide, a misdemeanor of the first degree. R.C. 2929.21 provides that a misdemeanor of the first degree is punishable by a term of imprisonment of not more than six months and/or a fine of not more than $1,000.

R.C. 2929.22, imposing sentence for misdemeanor, provides:

"(A) In determining whether to impose imprisonment or a fine, or both, for misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine, the court shall consider the risk that the offender will commit another offense and the need for protecting the public therefrom, the nature and circumstances of the offense, the history, character, and condition of the offender and his need for correctional or rehabilitative treatment, and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him.

"(B) The following do not control the court's discretion, but shall be considered in favor of imposing imprisonment for misdemeanor:

"(1) The offender is a repeat or dangerous offender;

"(2) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older or permanently and totally disabled at the time of the commission of the offense.

"(C) The criteria listed in section 2929.12 of the Revised Code, favoring shorter terms of

imprisonment for felony, do not control the court's discretion, but shall be considered against imposing imprisonment for misdemeanor.

"(D) The criteria listed in divisions (B) and (C) of this section shall not be construed to limit the matters which may be considered in determining whether to impose imprisonment for misdemeanor.

"* * *."

In addition, R.C. 2929.12(C) [as referenced in R.C. 2929.22(C)] requires the following criteria to be considered by the trial court against imposing imprisonment for a misdemeanor:

"* * *.

"(1) The offense neither caused nor threatened serious physical harm to persons or property, or the offender did not contemplate that it would do so;

"(2) The offense was the result of circumstances unlikely to recur;

"(3) The victim of the offense induced or facilitated it;

"(4) There are substantial grounds tending to excuse or justify the offense, though failing to establish a defense;

"(5) The offender acted under strong provocation;

"(6) The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense;

"(7) The offender is likely to respond quickly to correctional or rehabilitative treatment.

"* * *."

None of these criteria controls the court's discretion and the court may consider additional relevant factors. *Columbus* v. *Jones* (1987), 39 Ohio App. 3d 87, 88-89. Here, the trial court stated it considered all of the criteria set forth in R.C. 2951.02 for and against probation or suspension of sentence. R.C. 2951.02 provides, in pertinent part:

"(A) In determining whether to suspend sentence of imprisonment and place an offender on probation or to otherwise suspend an offender's sentence of imprisonment pursuant to division (D) (2) or (4) of section 2929.51 of the Revised Code, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk, the nature and circumstances of the offense, and the history, character, and condition of the offender.

"(B) The following do not control the court's discretion, but shall be considered in favor of placing an offender on probation or in favor of otherwise suspending an offender's sentence of imprisonment pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code:

"(1) The offense neither caused nor threatened serious harm to persons or property, or the offender did not contemplate that it would do so.

"(2) The offense was the result of circumstances unlikely to recur.

"(3) The victim of the offense induced or facilitated it.

"(4) There are substantial grounds tending to excuse or justify the offense, though failing to establish a defense.

"(5) The offender acted under strong provocation.

"(6) The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial period before commission of the present offense.

"(7) The offender is likely to respond affirmatively to probationary or other court-imposed treatment.

"(8) The character and attitudes of the offender indicate that he is unlikely to commit another offense.

"(9) The offender has made or will make restitution or reparation to the victim of his offense for the injury, damage, or loss sustained.

"(10) Imprisonment of the offender will entail undue hardship to himself or his dependents.

"* * *.

"(D) The following do not control the court's discretion, but shall be considered against placing an offender on probation or against otherwise suspending an offender's sentence of imprisonment pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code:

"(1) The offender has recently violated the conditions of any probation, parole, or pardon, or any suspension pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code, previously granted him.

"(2) There is a substantial risk that while at liberty during the period of probation or other suspension the offender will commit another offense.

"(3) The offender is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal or reformatory institution.

"(4) Regardless of whether the offender knew the age of the victim, the victim of the

offense was sixty-five years of age or older or permanently and totally disabled at the time of the commission of the offense.

"(E) The criteria listed in divisions (B) and (D) of this section shall not be construed to limit the matters that may be considered in determining whether to suspend sentence of imprisonment and place an offender on probation or to otherwise suspend sentence of imprisonment pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code.

"* * *"

In addition, the trial court considered R.C. 2929.51(D) which provides:

"(D) At the time of sentencing and after sentencing, when imprisonment for misdemeanor is imposed, the court may:

"(1) Suspend the sentence and place the offender on probation pursuant to section 2951.02 of the Revised Code;

"(2) Suspend the sentence pursuant to section 2951.02 of the Revised Code upon any terms that the court considers appropriate;

"(3) Permit the offender to serve his sentence in intermittent confinement, overnight, or on weekends, or both, or at any other time or times that will allow him to continue at his occupation or care for his family;

"(4) Require the offender to serve a portion of his sentence, which may be served in intermittent confinement, and suspend the balance of the sentence pursuant to section 2951.02 of the Revised Code upon any terms that the court considers appropriate or suspend the balance of the sentence, and place the offender on probation pursuant to section 2951.02 of the Revised Code."

In this case, the court sentenced Vanderwyst to serve a period of six months in the Medina County Jail, to pay a fine of $1,000 and all court costs. Additionally, Vanderwyst's operator's license was suspended for one year with no occupational privileges.

Pursuant to R.C. 2151.02, five months of the jail term and $800 of the fine were suspended and Vanderwyst was placed on probation upon the following terms:

"* * *

"1) Defendant shall serve 30 days in the Medina County Jail beginning 12-18-1989;

"2) Defendant shall pay the fine and costs within 60 days;

"3) Defendant shall perform 200 Hours of community service;

"4) Defendant shall obey all other conditions which may be set by the Probation Department of this Court.

"* * *."

Vanderwyst contends that the trial court abused its discretion when it ignored Dr. Ross Santamaria's opinion. Dr. Santamaria is the Director of the Department of Diversion and Forensic Services of Medina County. Dr. Santamaria met with Vanderwyst and concluded that, in his opinion, jail time would not serve a rehabilitative purpose. Multiple mitigating factors require less than the maximum jail sentence. *Columbus* v. *Jones, supra* at 90.

This court finds that there was not a clear abuse of discretion. The trial court apparently considered the mitigating factors since it reduced the sentence. Vanderwyst's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, J., and CIRIGLIANO, J., concur.