{¶ 1} Defendant-appellant, Matthew Luke Bartimus, appeals his sentence in the Belmont County Court, Western Division, for driving under suspension.
 {¶ 2} On May 5, 2002, appellant was charged with driving under suspension in violation of R.C. 4507.02(B), a first-degree misdemeanor. Appellant plead not guilty and was appointed counsel. Following pre-trial matters, appellant appeared for trial on July 2, 2002. Appellant withdrew his former plea of not guilty and entered a plea of guilty. The trial court sentenced appellant to one hundred eighty days in jail with thirty days suspended. The court also fined appellant $1,000 and suspended his license for one year. This appeal followed.
 {¶ 3} Appellant's sole assignment of error states:
 {¶ 4} "The trial court erred by disproportionately sentencing the defendant-appellant compared to the offense."
 {¶ 5} R.C. 2929.22, governing sentencing in misdemeanor cases, provides in part, as follows:
 {¶ 6} "(A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; * * * and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
 {¶ 7} "(B)(1) The following do not control the court's discretion but shall be considered in favor of imposing imprisonment for a misdemeanor:
 {¶ 8} "(a) The offender is a repeat or dangerous offender.
 {¶ 9} Further, R.C. 2929.22(C) provides:
 {¶ 10} "The criteria listed in divisions (C) and (E) of section2929.12 of the Revised Code that mitigate the seriousness of the offense and that indicate that the offender is unlikely to commit future crimes do not control the court's discretion but shall be considered against imposing imprisonment for a misdemeanor."
 {¶ 11} R.C. 2929.12(C) states:
 {¶ 12} "The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 13} "(1) The victim induced or facilitated the offense.
 {¶ 14} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 15} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 16} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 17} R.C. 2929.12(E) states:
 {¶ 18} "The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 {¶ 19} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 20} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 21} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 22} "(4) The offense was committed under circumstances not likely to recur.
 {¶ 23} "(5) The offender shows genuine remorse for the offense."
 {¶ 24} Lastly, R.C. 2951.02(B) sets forth criteria substantially similar to those listed in R.C. 2929.12(C) (E) for the court to consider in deciding whether to grant a suspension of sentence and probation.
 {¶ 25} "Sentencing is within the discretion of the trial court and a sentence will not be disturbed absent an abuse of discretion. Columbusv. Jones (1987), 39 Ohio App.3d 87, 88, 529 N.E.2d 947, 948-949. None of the statutory criteria controls the trial court's discretion, and the court may consider other relevant factors, but the criteria must be used as a guide in exercising sentencing discretion. Id.; State v. Whitt (June 18, 1990), Butler App. No. CA89-06-091, unreported, 1990 WL 82592. Failure to consider these criteria constitutes an abuse of discretion, but when the sentence imposed is within the statutory limit, a reviewing court will presume that the trial judge followed the standards set forth in R.C. 2929.22 and 2929.12, absent a showing to the contrary. Jones,supra; Whitt, supra." State v. Wagner (1992), 80 Ohio App.3d 88, 95-96;608 N.E.2d 852.
 {¶ 26} In this case, the trial court's sentence fell within the statutory limit and did not constitute an abuse of discretion. Appellant has not shown that this offense was committed under circumstances not likely to recur in the future. At the time of sentencing, appellant's driving record reflected sixteen suspensions. The present conviction represented appellant's sixth offense. Rather than show genuine remorse for his offense, appellant tried simply to minimize his guilt. Appellant has failed to demonstrate that the trial court did not consider the criteria set forth in R.C. 2929.22 and 2929.12.
 {¶ 27} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 28} The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Vukovich and Waite, JJ., concur.