JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Jamie Hecker ("defendant") appeals from the sentence imposed by the Cuyahoga County Court of Common Pleas after he pled guilty to four counts of rape. For the reasons that follow, we affirm in part, reverse in part and remand for resentencing.
 {¶ 2} Defendant was indicted for eight counts of rape, one count of gross sexual imposition, and four counts of disseminating matter harmful to juveniles. On August 26, 2002, defendant pled guilty to two amended counts of rape involving his nine-year-old daughter and two amended counts of rape involving his eight-year-old daughter, all felonies of the first degree.[1] The court informed defendant of post-release control sanctions during the plea hearing.
 {¶ 3} The court held a sexual predator hearing on October 18, 2002 and considered, inter alia, the testimony and report of the Chief of Psychology of the Court Psychiatric Clinic. The court determined that the evidence failed to establish that defendant was likely to engage in a sexually oriented offense in the future by the requisite clear and convincing standard. Accordingly, the court concluded that it could not find defendant a sexual predator. The State has not appealed that determination.
 {¶ 4} The court proceeded to sentence defendant. The State recommended nine year sentences on each of the four counts to run consecutively, for a total sentence of 36 years. The defense conceded that "there is no question that this is a terrible crime." (Tr. 62). However, defendant had no prior criminal record. Accordingly, the defendant argued that certain factors justified the imposition of the lowest sentence, including defendant's own sexual and physical abuse as a child, his genuine remorse, and his request for treatment. Defendant also addressed the court.
 {¶ 5} The court began by noting the overriding purposes of Ohio's sentencing law. The court proceeded to consider the seriousness factors outlined in R.C. 2929.12 and found that the following applied: "the injury was exacerbated by the age of the victims in this case * * *. The victims suffered serious physical and psychological harm in this case. * * *
 {¶ 6} "The offender held a position of trust as related to these children. He was, in fact, their father. * * *
 {¶ 7} "Certainly the relationship with the victims facilitated the offense, and * * * that's far and away the majority of the seriousness factors that are listed in the Ohio Revised Code. None of the less serious factors in Section C of that same statute apply."
 {¶ 8} The court went on to consider the recidivism factors of R.C. 2929.12 and found that "the things that the Court is to consider would indicate that recidivism is less likely. So we have a less likely recidivism rate but certainly more seriousness factors." (Tr. 69).
 {¶ 9} While the court was unsure whether the shortest prison term would adequately protect the public, the court found that it would "certainly demean the seriousness of the offense, and, * * * undercut
the fact that there were two, not one, victims in this case." (Tr. 69). The court then presented for the record the facts contained in the police report. The court then stated as follows: "[t]he court will take into consideration * * * that the defendant is 30 years old with no prior record, I do not believe * * * under such circumstances that the maximum consecutive on all four counts would be appropriate. But I do find that the act against [the victims] was the worst forms of the acts and that one count of each of the charges against those two girls will be ten years consecutive. The other two counts will be ten years concurrent, for a total of twenty years." (Tr. 72). The court proceeded to again inform defendant that an aspect of his sentence would include mandatory post-release control. Defendant appeals and raises four assignments of error for our review.
 {¶ 10} "I. The trial court erred by imposing consecutive sentences when it failed to make findings required by R.C. 2929.14(E)(4) with reasons in support thereof."
 {¶ 11} R.C. 2929.14(E)(4) states that a court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Specifically, R.C.2929.14(E)(4) provides, in pertinent part:
 {¶ 12} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 13} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 14} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 15} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 16} In relation to these sections, R.C. 2929.19(B)(2)(e) requires that the trial court state its "reasons" for imposing consecutive sentences and for imposing maximum sentences for offenses arising out of a single incident. State v. Nichols (Mar. 2, 2000), Cuyahoga App. Nos. 75605, 75606; State v. Parker (Dec. 9, 1999), Cuyahoga App. Nos. 75117, 75118; State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556. The record must confirm that the trial court's decision-making process included all of the statutorily required sentencing considerations. See Cardona, supra; Nichols, supra, citing State v.Edmonson (1999), 86 Ohio St.3d 324. The trial court need not use the exact words of the statute; however, it must be clear from the record that the trial court made the required findings. State v. Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759.
 {¶ 17} During the sentencing hearing, the court considered the recidivism factors set forth in R.C. 2929.12(D) and (E) and found that those particular factors would indicate that recidivism is less likely. While the statute requires the court to consider certain identified factors, the statute further provides that the court "in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A). Ultimately, "a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of theRevised Code." Id.
 {¶ 18} The record, however, exhibits an uncertainty by the court concerning the danger the defendant poses to the public. The court stated it did not know if the minimum sentence would adequately protect the public or not. However, the court then proceeded to detail the horrendous crimes this individual committed against his young daughters. The court found significant the fact that the defendant admitted the crimes but claimed his eight- and nine-year-old daughters consented to the repeated sexual acts. The court found that the acts were anything but consensual. These facts could support a finding that the defendant poses a danger to the public. The court did not run all four of the counts consecutively but instead ran half concurrently and the other half consecutively for a total of twenty rather than a forty year sentence.
 {¶ 19} Thus, we do not find that the trial court's findings with regard to other elements of sentencing necessarily preclude the imposition of consecutive sentences in this case. In other words, we do not find, as defendant suggests, that the trial court definitively found in this record that the defendant did not pose a danger to the public. Under these circumstances, we find it is most appropriate to remand this matter for re-sentencing.
 {¶ 20} Because the record does not clearly include the statutory finding that the consecutive sentence "is not disproportionate * * * to the danger the offender poses to the public" as required by R.C.2929.14(E)(4), Assignment of Error I is well taken and is sustained.
 {¶ 21} "II. The trial court erred in imposing maximum sentences for each of the counts of rape."
 {¶ 22} R.C. 2929.14(C) provides that a court may impose maximum sentences only upon: (1) the offenders who have committed the worst form of the offense; (2) the offenders who pose the greatest likelihood of recidivism; (3) certain major drug offenders; and (4) certain repeat violent offenders.
 {¶ 23} Here, the record adequately shows that the trial court complied with the dictates of R.C. 2929.14(C) when imposing the maximum sentence for rape. The Ohio Supreme Court, in State v. Edmonson (1999),86 Ohio St.3d 324, 329, interpreted R.C. 2929.14(C) to require that the record contain a finding that the defendant falls within at least one of the four categories mentioned in the statute. Here, the trial record clearly supports a finding that defendant committed the worst form of the offense with adequate reasons for that finding. Accordingly, the court satisfied the mandates of R.C. 2929.14(C) for imposing a maximum sentence. Assignment of Error II is overruled.
 {¶ 24} "III. The trial court erred when it considered conduct by Mr. Hecker that did not result in convictions in the instant case."
 {¶ 25} Under this error, defendant complains that the court improperly considered the facts contained in the police report because defendant pled guilty to four counts of rape. Defendant relies in part upon the authority of City of Cleveland Heights v. Seastead (Oct. 12, 1995), Cuyahoga App. No. 68875; State v. Russo (May 31, 2001), Cuyahoga App. No. 78096; State v. Smith (Aug. 3, 2000), Cuyahoga App. No. 76919. However, in each of those cases the courts that sentenced the respective defendants had considered facts relating to more serious offenses that were charged against the defendants rather than the offenses for which those defendants had been convicted. Id. Indeed, both Smith and Russo
explicitly hold that "a trial court may not impose a greater sentence upon an offender because of its belief that the offender committed a more serious offense than that for which he has been convicted." Id., citingColumbus v. Jones (1987), 39 Ohio App.3d 87, 89-90.
 {¶ 26} In this case, defendant pled guilty to four counts of rape. Although defendant was also charged with gross sexual imposition and disseminating matter harmful to juveniles, neither offense is more serious in degree than rape. Moreover, subsequent to the authority cited by the defendant this Court has held that where a defendant enters a guilty plea the "court is not precluded from considering the underlyingfacts in sentencing the appellant." State v. Hayes, Cuyahoga App. No. 81090, 2002-Ohio-6232, ¶ 15 (emphasis added), citing State v.Frankos (Aug. 23, 2001), Cuyahoga App. No. 78072; see, also, State v.Elder, Cuyahoga App. No. 80677, 2002-Ohio-3797, ¶¶ 40-42. In this case, the court made no mention of the indicted charges that had been dismissed, but instead simply recited the underlying facts as contained in the police report. For these reasons, Assignment of Error III is overruled.
 {¶ 27} "IV. The post-release control term included in the sentence must be vacated because the trial court failed to fully advise Mr. Hecker about post-release control at sentencing."
 {¶ 28} Defendant not only concedes that the court informed him of the post-release control aspect of his sentence at the plea hearing, but also admits the court advised him of post-release control again at the time of sentencing. Nonetheless, defendant urges us to vacate the mandatory post-release control portion of his sentence on the basis that the trial court did not mention the length of the post-release control term. Defendant relies primarily on State v. Morrisey (Dec. 18, 2000), Cuyahoga App. No. 77179. The State maintains that the trial court adhered to the law with regard to the imposition of post-release control. We agree.
 {¶ 29} "Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence." Woods v. Telb
(2000), 89 Ohio St.3d 504, paragraph two of the syllabus; see, also, R.C. 2943.032 and R.C. 2929.19(B)(3). In Morrissey, the trial court had completely failed to inform the defendant of post-release control at either his plea or sentence as required by Woods.
 {¶ 30} At the plea hearing, the court questioned the defendant as follows: "Do you understand if you complete whatever term I send you to prison on, you would be released on post-release control, which is similar to parole?
 {¶ 31} "And if you violated any of the rules of post-release control you could be returned to prison for up to nine months?"
 {¶ 32} (Tr. 9). Defendant responded "yes." Id.
 {¶ 33} At the time of the sentencing hearing, the court informed the defendant as follows: "Post[-]release control is also mandatory for this particular crime and you could be returned to prison for up to nine months, with a maximum for repeated violations of 50 percent of your stated terms. And if, once released, you commit a new felony, you could be readmitted to the prison for up to one year or so much time as remains on your post[-]release control." (Tr. 72-73). The sentencing journal entry further provides that "post[-]release control is part of this prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28."
 {¶ 34} Based on the foregoing, we find that the trial court complied with the law with regard to its imposition of mandatory post-release control. Assignment of Error IV is overruled.
Judgment affirmed in part, reversed in part and remanded for resentencing consistent with this opinion.
ANTHONY O. CALABRESE, JR., J., concurs.
DIANE KARPINSKI, J., dissents. (See dissenting opinion attached).
[1] All counts were amended by deleting the allegation of force.